**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SARA MURRAY,<br>*Plaintiff*,<br>v.<br>UNITED STATES OF AMERICA, *et al.*,<br>*Defendants*. | Civil Action No. 26-2711 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1), motions for leave to seal documents (ECF Nos. 3, 4, 6), motions for injunctive relief (ECF Nos. 5, 7), and motion for leave to conduct discovery (ECF No. 9). The Court will grant the application, grant leave to file under seal, dismiss the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii), and deny the motions for injunctive relief and for discovery.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir.

2009). Consequently, the Court is obligated to dismiss a complaint as frivolous when "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

Upon review of the complaint, with its allegations of a vast conspiracy to deprive her of her children and her business as well as wrongdoing by nearly every individual, judge, and government entity associated with her prior legal proceedings, the Court concludes that this pleading is frivolous. The Court cannot exercise jurisdiction of a frivolous complaint. An Order will be issued separately.

DATE: October 14, 2026

2026.10.14
15:56:23 -04'00'
TREVOR N. McFADDEN
United States District Judge